**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JOHN HAUK,

        Petitioner,

    v.                         CASE NO. 09-3272-RDR

CLAUDE CHESTER,
Warden,

        Respondent.

## MEMORANDUM AND ORDER

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241, by an inmate of the United States Penitentiary, Leavenworth, Kansas. Petitioner seeks "expedited consideration" and a "mandamus for immediate relief". Having considered the materials filed, the court finds as follows[1].

Mr. Hauk claims he is entitled to immediate placement in a half-way house, and that the Warden has refused that placement. He further alleges that the Warden guaranteed him a one-year reduction to his "non-violent sentence" if he successfully completed the "500 hour RDAP", and that he completed the RDAP in December 2009. As legal authority, he cites <u>Wedelstedt v. Wiley</u>, 477 F.3d 1160 (10th Cir. 2007), and 28 U.S.C. §§ 3621(b), 3624. The court is asked to order the Warden to immediately release him to a half-way house.

## FAILURE TO STATE FACTS TO SUPPORT CLAIM

In order to state a claim for relief pursuant to 28 U.S.C. § 2241, a habeas corpus petitioner must allege and ultimately

---

[1] Petitioner also filed a Motion to Proceed Without Prepayment of Fees (Doc. 2). However, he thereafter paid the $5.00 filing fee, and his financial information indicates he had the funds for doing so. Accordingly, the court shall deny this motion as moot.

establish that he is in custody in violation of the Constitution and laws of the United States. The habeas petitioner has the burden of proof with regard to his claims for relief. Rules governing federal habeas corpus actions require a district court judge to review a habeas petition upon filing and to sua sponte dismiss the petition without ordering a responsive pleading under certain circumstances:

> The clerk must promptly forward the petition to a judge . . . , and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner . . . .

28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). The Supreme Court has explained the pleading and summary dismissal requirements of Habeas Rules 2 and 4:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). Habeas Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." See also Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 (" '[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . . A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243.

Mayle v. Felix, 545 U.S. 644, 655 (2005); see also McFarland v. Scott, 512 U.S. 849, 856 (1994).

Mr. Hauk's pro se Petition contains legal citations but no discussion of those authorities, and he fails to allege sufficient

facts to suggest how they entitle him to relief. He does not even provide the dates of either his application for half-way house placement or the agency's denial. Nor does he provide a copy or summary of the administrative decision by the BOP on his application. Since Mr. Hauk fails to reveal the basis for the administrative decision in his case, he fails to indicate that the decision was contrary to federal law or a violation of his federal constitutional rights[2]. The court concludes that petitioner has not stated sufficient facts to support a claim for relief under 28 U.S.C. § 2241.

**FAILURE TO EXHAUSTION ADMINISTRATIVE REMEDIES**

It has long been settled that exhaustion of all available administrative remedies is a prerequisite to a federal prison inmate seeking judicial review of administrative action by prison officials and federal habeas corpus relief pursuant to 28 U.S.C. § 2241. See Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir.1986); see also Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); McClung v. Shearin, 90 Fed.Appx. 444, 445 (4th Cir. 2004)(citing Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981)). Administrative exhaustion is required for habeas claims raised under Section 2241 for the following reasons: (1) to allow the appropriate agency to develop a factual record and apply its expertise, which facilitates

---

[2] Petitioner argues that BOP policy limits staff discretion to place inmates in a CCC to six months or less unless they have advance written approval from the Regional Director. However, he does not allege facts or provide documentation showing that this former policy was the basis for the decision in his case.

3

judicial review; (2) to permit agencies to grant the relief requested, which conserves judicial resources; and (3) to provide agencies the opportunity to correct their own errors, which "fosters administrative autonomy."  In order to have fully exhausted, Mr. Kyles must have raised claims on administrative appeal[3] that are identical to those he now presents in his federal habeas corpus Petition.

There are "limited exceptions" to the exhaustion requirement, including "a narrow futility exception" which the Tenth Circuit Court of Appeals has "recognized in the context of petitions brought under 28 U.S.C. § 2254," (citing see Fairchild v. Workman, 579 F.3d 1134, 1155 (10th Cir.2009)), and "other circuits have recognized in the context of petitions brought under § 2241" (citing see e.g., Fazzini v. Northeast Ohio Corr. Ctr., 473 F.3d 229, 236 (6th Cir. 2006)).  Ciocchetti v. Wiley, 2009 WL 4918253 (10th Cir. Dec. 22, 2009, unpublished)(cited for persuasive value).  Such exceptions "apply only in 'extraordinary circumstances,' and [petitioner] bears the burden of demonstrating the futility of administrative review." See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994)(citations omitted).

Petitioner alleges that "administrative remedies have been started", but makes the conclusory statements that administrative

---

[3] The Bureau of Prisons provides a three-level Administrative Remedy Program for inmates to obtain "review of an issue which relates to any aspect of their confinement."  28 C.F.R. § 542.10.  First, an inmate must attempt informally to resolve the issue with institutional staff.  28 C.F.R. § 542.13(a). If the concern is not informally resolved, an inmate may file an appeal to the Warden. 28 C.F.R. § 542.14.  Next, an inmate may appeal an adverse decision to the Regional Director.  28 C.F.R. § 542.15(a).  Finally, the inmate may appeal to the BOP's Central Office.  Id.  No administrative remedy appeal is considered fully and finally exhausted until it has been denied by the Central Office.  Id.  If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.

4

remedies "are futile" and "no time to exhaust to prevent more prison time." However, he alleges no facts indicating what time frame has been available to him for the administrative appeals process, including how long before his anticipated release date and the filing of this action he could have pursued administrative remedies. He appears to claim that further exhaustion would be futile because the administrative remedy process cannot be completed before his desired release date. However, this, in and of itself, is not such an extraordinary circumstance as to warrant waiver of the exhaustion requirement. The Supreme Court has required even those inmates who may be entitled to immediate release to exhaust their administrative remedies. Faced with the argument "that to require exhaustion of state remedies . . . would deprive a . . . prisoner of the speedy review of his grievance which is so often essential to any effective redress," that Court acknowledged that "exhaustion of . . . remedies takes time" but concluded "there is no reason to assume that . . . prison administrators . . . will not act expeditiously." <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 494-95 (1973). Similarly, exhaustion of administrative remedies is not rendered futile just because a prisoner anticipates he will not obtain relief on administrative appeal before the final year of his sentence. The twelve-month mark in the Second Chance Act is an express statutory maximum, and not a mandated minimum. <u>See</u> 18 U.S.C. 3624(c)(1)-(6). Mr. Hauk has shown neither a "peculiar urgency" nor that his administrative remedies would be futile. In short, he has not met his burden of showing extraordinary circumstances exempting him from the exhaustion requirement. Accordingly, the court finds this § 2241 petition is

subject to being dismissed for failure to exhaust[4].

Petitioner will be given time to show cause why this action should not be dismissed for failure to exhaust administrative remedies and for failure to state facts in support of a claim. If he fails to show good cause within the time provided, this action may be dismissed without prejudice and without further notice.

**IT IS THEREFORE ORDERED** that petitioner is granted twenty (20) days in which to file a Supplement to Petition stating additional facts showing that exhaustion of administrative remedies should be excused, and sufficient to state a claim for relief under 28 U.S.C. § 2241.

**IT IS SO ORDERED.**

**DATED**: This 11th day of January, 2010, at Topeka, Kansas.


s/RICHARD D. ROGERS
United States District Judge

---

[4] While the Supreme Court has held that the failure to exhaust administrative remedies must be pleaded as an affirmative defense under the Prison Litigation Reform Act ("PLRA"), see Jones v. Bock, 549 U.S. 199 (2007), the PLRA does not apply to federal habeas proceedings. Nothing in Jones prohibits the sua sponte dismissal of a section 2241 petition on exhaustion grounds.